Kelley Arie McFARLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00866–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 4, 1990.

David Bishop, Gilmer, Michael B. Charlton, Houston, for appellant.

Jim Mapel, Crim. Dist. Atty., Brazoria County, Jerome Aldrich, Asst. Dist. Atty., Angleton, for appellee.

Before WARREN, MIRABAL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury convicted appellant of the offense of burglary of a habitation, found the enhancement allegations in the indictment to be true, and assessed his punishment at 99 years. The sufficiency of the evidence is not challenged.

The complainant testified that he awoke in the early morning hours on the day of the offense, and found appellant standing at the foot of his bed, holding the pistol complainant regularly kept on top of his night stand. Appellant, an escapee from a unit of the Texas Department of Corrections, testified that, while he was a fugitive, he observed the complainant's residence from a hiding place for two days and two nights before he entered it to get food and clothing.

At the guilt/innocence phase of trial, the court submitted to the jury a special issue inquiring whether appellant had used a deadly weapon during the commission of the offense. The jury answered affirmatively, and the trial court entered the affirmative finding of use of a deadly weapon in its judgment.

In his first point of error, appellant asserts that the trial court erred in entering its finding that he used a deadly weapon in the commission of the offense, because he had been given no notice of the State's intent to seek such a finding.

The indictment contained no allegation of use of a deadly weapon, but alleged in its

essential parts that appellant "did then and there unlawfully commit an offense hereafter styled the primary offense, in that [he] did intentionally and knowingly enter a habitation, owned by [complainant], without the effective consent of said owner, with intent to commit theft." The State acknowledges that there was no pre-trial State's pleading which would put appellant on notice that the State would seek a deadly weapon finding.

However, the State asserts that the following colloquy between appellant's and State's counsel during the hearing on appellant's pre-trial motion for discovery was sufficient to give appellant notice that the State would seek the affirmative finding:

> MR. BISHOP [Appellant's Trial Counsel]: For the record, we have some motions we want to have a ruling on.
>
> \*    \*    \*    \*    \*    \*
>
> As far as objects of tangible things, I understand there's going to be a gun—
>
> MR. WATSON [Prosecutor]: Well, there'll be two guns, a map, some clothing, some ammunition, cash. I think that's all. But before we leave here today, your Honor, I will give Mr. Bishop the chance to examine those things.
>
> MR. BISHOP: That will complete the Motion for Discovery, your Honor.

The State argues that its quoted answer "in a formal pretrial hearing in which both counsel and appellant were present" showed that "the defendant and his attorney were *formally* advised that a 'gun' was an issue."

This issue has now been settled adversely to the State's contention. In *Luken v. State*, the Texas Court of Criminal Appeals held that "just as an enhanced sentence must be supported by written allegations of a prior conviction or convictions, an affirmative finding of use or exhibition of a deadly weapon must be supported by a written pleading, albeit not necessarily in the indictment." *Luken v. State*, 780

S.W.2d 264, 266 (Tex.Crim.App., 1990) (footnote omitted).

■ Accordingly, the exchange of information on the record during the hearing of appellant's discovery motion was not sufficient to meet the requirement that the State notify the defendant by indictment or other pleading that the State would seek an affirmative finding on the use of a deadly weapon by appellant.

Appellant's first point of error is sustained; the judgment will be reformed to delete the recitation of the jury's answer to the special issue and the trial court's entry of the affirmative finding of use of a deadly weapon.

In his second point of error, appellant asserts that the trial court erred in failing to submit to the jury his requested instruction on the defense of necessity.

During trial, appellant testified that he had escaped from the Texas Department of Corrections because he was afraid for his life. He urges that the defense of necessity was raised by his testimony that he was tired and hungry, and needed a change of clothes when he entered the complainant's residence.

■ The case before us concerns only the offense of burglary of a habitation, not the offense of escape, with any related defenses. The first requirement of the statutory provision of the defense of necessity is that "the actor reasonably believes the conduct is immediately necessary to avoid *imminent* harm." Tex.Penal Code Ann. § 9.22 (Vernon 1974) (emphasis added); *see Smith v. State*, 689 S.W.2d 514, 515 (Tex.App.—Fort Worth 1985, pet. ref'd) (defendant was not entitled to the necessity defense merely because he feared the police were looking for him). The evidence regarding this issue centered upon the fear appellant testified he experienced while he had been previously incarcerated, not while he was burglarizing the complainant's habitation.[1]

---

1. Appellant testified about threats on his life by TDC guards. He stated that when the door to his cell would open late at night, he feared for his life because of past threats, and that he

escaped because he was afraid of what would happen to him. A fellow inmate and former cellmate testified that appellant on one occasion

Appellant asserts that his motivation to enter the complainant's home because of hunger was sufficient alone to raise the issue of imminent harm. We disagree. Appellant has not shown that he was in fear of *imminent* harm when he burglarized the complainant's home. A defendant who is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense, is not entitled to a charge authorizing his acquittal of that offense based upon necessity. *Leach v. State*, 726 S.W.2d 598, 600 (Tex.App.— Houston [14th Dist.] 1987, no pet.) (aggravated robbery). The trial court did not err by excluding appellant's requested instruction on the defense of necessity.

Appellant's second point of error is overruled.

The judgment of the trial court is reformed to delete the recitals of (1) the inquiry to the jury whether appellant used a deadly weapon during the commission of the offense, and (2) the affirmative finding that appellant used a deadly weapon; as reformed, the judgment is affirmed.

George White, John H. Hagler, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

told him that he was scared because his life had

been threatened.