**Rayford Elton LEACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–259CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 26, 1987.

Robert A. Morrow, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Hon. Eleanor McCarthy, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to aggravated robbery, found he had previously been convicted of a felony and assessed punishment at confinement for life. Issues on appeal concern the denial of requested instructions on necessity and a lesser included offense and the denial of a motion to quash the indictment. We affirm.

On November 11, 1984, at approximately 4:30 a.m., Buron W. Risinger (Risinger) a resident of Beaumont, unexpectedly heard his pickup truck "crank up." He looked out the window and saw his truck heading toward Houston on I.H.-10. He and his father gave chase in his father's car, but after a short distance they decided to return home because the car was low on gas. When they arrived home, the police were there and they reported the theft to them. Since, in his view, the police were somewhat skeptical of recovering the truck and the welding machine in the rear of the pickup, he and his father, both armed with pistols, decided to drive toward Houston in search of his property. Risinger and his father observed the missing truck at a rest stop on I.H.-10 near Baytown. They parked and observed appellant and a female both seated in the passenger side of the truck. Risinger's father told appellant to "get out of the truck" and appellant responded "what's wrong, we haven't done anything, are you crazy?" The father then accused appellant of stealing the truck and hit appellant in the head with his hand. After that, Risinger grabbed appellant and told him "wait here, we're calling the law." Appellant responded "you're going to have to kill me," broke Risinger's hold and took off running. After running around the truck appellant returned to the passenger compartment and secured a shotgun. He then ran to the driver's side of the truck and fired the shotgun at Risinger. Appellant and Risinger exchanged several shots as they ran around the pickup. Finally, appellant ran to a parked automobile occupied by the complainant, her young child (in the front seat) and her husband (in the rear seat), pointed the shotgun at them and demanded they unlock the door. As they pleaded for their lives, appellant demanded that they get out of the car. After they got out, appellant stopped to pick up the female who had been in the pickup with him when the Risingers arrived and fled the scene in their car. Later that day the complainant's automobile was recovered in the parking lot of a Houston hospital.

In his first point of error appellant contends the court erred in failing to give his requested instruction on the defense of ne-

cessity. To determine whether the issue was raised, we must view the evidence in light of the statutory provision. Tex.Penal Code Ann. § 9.22 (Vernon 1974) provides conduct is justified if:

> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
>
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

The requirements of subsections (1) and (2) must be satisfied by evidence, while subsection (3) presents a question of law. *See Williams v. State*, 630 S.W.2d 640 (Tex. Crim.App.1982).

Appellant did not testify, nor did any other witnesses testify in his behalf. Instead, appellant points to Risinger's testimony that he and his father shot at appellant some seven times; that he didn't know what he would have done had he caught appellant, but he knew something had to happen because he had stolen his truck; and when appellant approached complainant's automobile he and his father walked into the open "he [appellant] turned around and shot at my hood and then that scooted us right back behind the truck; and it let him go." Appellant also relies upon complainant's testimony that appellant "let us [get] out of the car" and that he was nervous and frightened. Finally, appellant points to the testimony of the complainant's husband that the tone of appellant's voice was "[m]ore frightened, like he wanted to get away than anything and he wanted us to get out so he could get away quickly" and he "got in the car and was desperate to get away for fear that they would shoot at him." Appellant argues this evidence was sufficient to raise the issue that he reasonably believed "that taking the car was immediately necessary to avoid the imminent harm of being shot by the Risingers." We find this conclusion is nothing more than conjecture.

The plea of justification based upon necessity, like a plea of self-defense, must be assessed from the standpoint of the accused. The jury instruction is not called for unless there is evidence from the accused admitting the offense but claiming justification for having committed the offense because of other facts. *See Pentycuff v. State*, 680 S.W.2d 527 (Tex.App.—Waco 1984, pet. ref'd); *Klein v. State*, 662 S.W.2d 166 (Tex.App.—Corpus Christi 1983, no pet.). Here, there is no such evidence. Further, we hold that one who provokes the difficulty, or is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense, is not entitled to a charge authorizing his acquittal of that offense based upon necessity. Accordingly, appellant's first point of error is overruled.

In his second point of error appellant contends the court erred in denying his requested instruction on the lesser included offense of unauthorized use of a motor vehicle. The record reveals that appellant requested jury instructions on the lesser included offenses of theft and unauthorized use of a motor vehicle. The court granted appellant's request for a theft instruction, but denied his request for an unauthorized use instruction.

The court of criminal appeals, contrary to appellant's assertion, holds steadfast to its rule that a charge on a lesser included offense is required only when there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense. *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986). Here, there is a total absence of any evidence in the record to raise either the issue of unauthorized use of a motor vehicle or theft; therefore, both instructions should have been denied. Appellant's second point of error is overruled.

In his third point of error appellant contends the court erred in overruling his pro se motion to quash the indictment. Appellant, in his *oral* motion to quash, contended that the indictment was defective because it had been typed and prepared for the

signature of the foreman of the grand jury prior to the time the case was presented to the grand jury.

A motion to quash an indictment must be in writing. Tex.Code Crim.Proc. Ann. art. 27.10 (Vernon 1966). The denial of an oral motion preserves nothing for review. *Faulks v. State*, 528 S.W.2d 607 (Tex.Crim.App.1975). Further, even if he had properly preserved this point, appellant cites no authority, and we are not aware of any, that would prohibit the state, as a time saving matter, from preparing an indictment prior to the presentation of the case to the grand jury. Until the grand jury votes and a "true bill" is returned, a pre-prepared indictment is nothing more than a piece of paper. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.