In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00069-CV
______________________________


ROY WITCHER, Appellant
Â 
V.
Â 
R. DARRYL BENNETT, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2002-24


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Carter and Cornelius,* JJ.
Memorandum Opinion by Justice Carter


_____________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â The parties to this appeal, Roy Witcher and R. Darryl Bennett, were previously involved in
litigation over real property located in Rusk County. See Witcher v. Bennett, 120 S.W.3d 922 (Tex.
App.âTexarkana 2003, pet. denied). That case resulted in a determination that the disputed
property was owned by Bennett, and Witcher was permanently enjoined from entering on Bennett's
property. Id. at 924. Bennett alleged Witcher continued to trespass on Bennett's property and moved
the trial court to hold Witcher in contempt. After the hearing, the trial court made such a finding and
ordered Witcher confined in the Rusk County jail for six months. Witcher appeals that order of
contempt.
Â Â Â Â Â Â Â Â Â Â Â Â On appeal, Witcher claims he had no notice of the injunction; the award of attorney's fees
was not supported by the evidence; and such attorney's fees were not reasonable. For the reasons
stated below, we dismiss this appeal for want of jurisdiction. 
Â Â Â Â Â Â Â Â Â Â Â Â Decisions in contempt proceedings are not appealable. Ex parte Cardwell, 416 S.W.2d 382,
384 (Tex. 1967); Metzger v. Sebek, 892 S.W.2d 20, 55 (Tex. App.âHouston [1st Dist.] 1994, writ
denied) (citing Ex parte Williams, 690 S.W.2d 243 n.1 (Tex. 1985)). A contempt judgment is
reviewable only by a petition for writ of habeas corpus (if the contemnor is confined) or a petition
for writ of mandamus (if no confinement is involved). See In re Long, 984 S.W.2d 623, 625 (Tex.
1999); Kidd v. Lance, 794 S.W.2d 586, 587 (Tex. App.âAustin 1990, no writ); see also Deramus
v. Thornton, 160 Tex. 494, 333 S.W.2d 824, 827 (1960) ("We have uniformly held in this State,
however, that the validity of a contempt judgment can be attacked only collaterally and that by way
of habeas corpus."). Decisions in contempt proceedings are not appealable, even when appealed
along with a judgment that is appealable. Metzger, 892 S.W.2d at 55.
Â Â Â Â Â Â Â Â Â Â Â Â Considering the above authorities, we conclude we do not have jurisdiction to hear Witcher's
appeal from this contempt proceeding. 
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of jurisdiction.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â January 9, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 10, 2006



f-defense would thwart the legislative purpose to impose
a higher standard and circumvent the "retreat" requirement of Section 9.32 where the use of deadly
force is sought to be justified.'" Searcy, 231 S.W.3d at 544 (quoting Banks v. State, 955 S.W.2d 116,
119 (Tex. App.--Fort Worth 1997, no pet.)); see Butler v. State, 663 S.W.2d 492, 496 (Tex.
App.--Dallas 1983), aff'd, 736 S.W.2d 668 (Tex. Crim. App. 1987); cf. Banks, 955 S.W.2d 116
(suggesting, when both necessity and self-defense justifications are raised, the inclusion of one of
the justifications in the charge precludes the inclusion of the other); Fitch v. State, No.
14-06-00408-CR, 2007 Tex. App. LEXIS 7065 (Tex. App.--Houston [14th Dist.] Aug. 30, 2007,
pet. ref'd) (mem. op., not designated for publication) (holding counsel not ineffective for failing to
request charge on necessity because necessity not available).

 Perry cites Bowen v. State, 162 S.W.3d 226 (Tex. Crim. App. 2005), in support of his
argument on appeal. (2) In Bowen, a prosecution for resisting arrest, the defendant had kicked a police
officer in response to pain allegedly inflicted by the officer and in an attempt to regain her balance. 
Id. Noting the justification based on self-defense is extremely limited when a person uses force to
resist arrest, the Texas Court of Criminal Appeals held the trial court erred in denying the requested
instruction on necessity. Id. at 229. In reaching the above conclusion, the court held Section 9.31,
which concerns self-defense not involving deadly force, does not limit the necessity defense's
application because the court was unable to "glean any clear legislative purpose indicating that the
necessity defense is not available." Id. 

 Bowen is distinguishable from this case because it did not involve the use of deadly force. 
The use of deadly force in the defense of a person involves a different section of the Texas Penal
Code and requires proof that a reasonable person in the actor's situation would not have retreated.
Because the retreat requirement was not at issue in Bowen, we conclude Bowen is distinguishable.

 Here, the trial court instructed the jury on self-defense using deadly force, which included
a duty to retreat. Thus, the inclusion of the justification of necessity, on facts such as these which
implicate the application of self-defense using deadly force, would undermine the Legislature's
purpose in imposing the duty to retreat. The trial court did not err in refusing to instruct the jury on
the justification of necessity. We overrule Perry's sole point of error. 

 For the reasons stated, we affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: August 11, 2008

Date Decided: August 12, 2008


Do Not Publish


1. In 2007, the Texas Legislature amended Section 9.32 to remove the requirement that "a
reasonable person in the actor's situation would not have retreated." See Act of May 16, 1995, 74th
Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws 2141, 2141-42, amended by Act of March 20, 2007,
80th Leg., R.S., ch. 1, Â§ 3, 2007 Tex. Gen. Laws 1, 1-2. The offense for which the jury convicted
Perry occurred in 2005. Our analysis of Perry's appeal is therefore governed by the prior version of
Section 9.32. See Act of March 20, 2007, 80th Leg., R.S., ch. 1, Â§ 3, 2007 Tex. Gen. Laws 1, 1-2
(stating that an offense committed before the act's effective date is governed by the sections in effect
when the offense was committed).
2. We note Perry also cites Fox v. State, No. 13-03-00230-CR, 2006 Tex. App. LEXIS 7898
(Tex. App.--Corpus Christi Dec. 6, 2006, pet. ref'd) (mem. op., not designated for publication). In
Fox, the victim accelerated his car toward the defendant's wife and the defendant shot the victim
wounding the victim in the arm. Id. at *3-4. The Corpus Christi Court of Appeals, relying on
Bowen, concluded the submission of a self-defense instruction did not foreclose the availability of
a necessity instruction. Id. at *11 n.25. The Corpus Christi court did not discuss whether the duty
to retreat would affect the applicability of Bowen. Further, as an unpublished opinion, Fox has
limited precedential value.