

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1645-08

**STEPHEN GILBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion. WOMACK, J., dissented.

### O P I N I O N

Appellant went to trial on two counts of aggravated robbery. He requested a jury instruction on the justification of necessity, but the trial court denied his request. The jury convicted him of both counts and assessed a sentence of thirty years' imprisonment on each count. On appeal, the court of appeals held that, because appellant was not entitled to a jury instruction on necessity, the trial court did not err in overruling his request for such an instruction, and it affirmed the trial court's judgment. *Gilbert v. State*, No. 10-06-00232-CR (Tex. App.–Waco, delivered November 14, 2007), 2007 Tex. App. LEXIS 9043 (not designated for publication). This Court granted review of both of appellant's grounds for review.

(1) The court of appeals failed to consider the law of parties upon determining appellant was not entitled to a jury charge on the justification of necessity.

(2) The court of appeals failed to view the evidence in the light most favorable to appellant's requested charge on the justification of necessity.

We affirm the judgment of the court of appeals.

**Facts**

Appellant and Hall committed an armed robbery at a restaurant in Bryan, Texas, on December 19, 2004. They entered the restaurant through the back door when one of the employees opened it to get a water hose. As is common, testimony from the victims was somewhat inconsistent. Edmundo Cruz, the employee who opened the door when the robbers made entry and saw them first, testified that Hall had both weapons when the robbery began, that Hall hit him with the gun and then the pipe, and that appellant never had the pipe. According to Santo Domingo Reyes, another employee, Hall carried a gun when the robbers entered, and appellant carried a metal pipe. Christella Izaguirre, another employee, testified that Hall took money from the cash register while appellant stood guard. She also testified that Hall attempted to get money from the safe in a closet, but she did not have a key to the closet. All agreed that only Hall robbed the employees of money and possessions, and while they all agreed that Hall and appellant spoke with each other, none of the employees spoke English and were therefore unable to testify as to what Hall and appellant said.

When police arrived during the robbery, Hall and appellant left the restaurant, using an employee as a human shield. Police shot and killed Hall and wounded appellant as he fled. Appellant was taken to the hospital, where he was assessed by the medical staff, who noted a pain level of eight on a scale of one to ten. However, the physician on duty instructed the staff not to

administer pain medication "until police are done speaking to patient."

A detective questioned appellant at the hospital two days later when appellant was on various medications. The detective testified that appellant had told him that Hall entered the restaurant first. When a man came out of the rear door, Hall gained entry by hitting the man in the head with a pistol. Appellant told the detective that he acted as lookout, punched victims, hit them with a metal pipe, and herded patrons into the restaurant cooler, beating those who resisted, while Hall took the money. Finally, the detective testified that appellant told him that Hall had promised appellant some money for helping with the robbery.

At trial, appellant testified that he wanted nothing to do with the robbery, but Hall, his cousin, forced him to participate by threatening to kill appellant and appellant's wife and child. He believed the threat and was afraid not to do what Hall wanted because he had heard talk in the family that Hall was disposed to violence and revenge. Once at the restaurant, Hall threatened to shoot everyone inside if appellant tried to back out of the robbery. In general, appellant's testimony at trial about what happened during the robbery was very similar to the accounts of Cruz and Izaguirre; Hall had both weapons when he entered the restaurant and assaulted Cruz, and only Hall took the money from the cash register and the employees, while appellant watched. Appellant also testified that he did not intend to hurt anyone and that he apologized to people being hit by Hall and checked to see if they were okay. Appellant then testified that the confession he made to detectives was all a lie, and that appellant felt pressure to tell detectives what they wanted to hear because appellant was in the hospital in pain and wanted medication.

At the jury-charge conference, appellant requested instructions on the defenses of both duress and necessity. The trial court granted his request for an instruction on duress, but denied his request

for an instruction on necessity.

On direct appeal, appellant's sole point of error asserted that "the trial court erred in overruling appellant's request for an instruction on the defense of necessity in the court's charge to the jury." He asserted that he had raised the defense of necessity by admitting the conduct, even if an element of the offense is missing, because "the admission of this conduct, standing alone, is sufficient to meet the requirement of a confession of culpability in the crime." (Appellant's direct appeal brief before the court of appeals, p. 9.) Appellant also asserted that he was entitled to a charge on the defense of necessity, although the trial court instructed the jury on the defense of duress, because a defendant's testimony alone may be sufficient to raise a defensive issue requiring an instruction on the defensive issue. In support, he pointed to court of appeals precedent that had held that the submission of a self-defense instruction did not foreclose the availability of a necessity instruction. He insisted that authority reflected that the fact that the defense of duress and the defense of necessity contain elements that the other does not is not a bar to the submission of the defense.

The court of appeals held that appellant did not present the defense of necessity during trial because he did not admit to committing aggravated robbery and assert that he was justified in doing so by the necessity defense, but rather he specifically denied committing aggravated robbery. It held that appellant was therefore not entitled to a jury instruction on the defense of necessity and the trial court did not err in overruling his request for such an instruction, and thus affirmed the trial court's judgment. *Gilbert*, *supra*.

## Analysis

Appellant's first ground for review, regarding the applicability of the law of parties to a

defense of necessity, was not addressed by the court of appeals. Upon review of the record, we find that appellant raised the law of parties in his brief to that court, however tersely. The court of appeals was therefore on notice that the law of parties was an issue and erred in not addressing it.

Appellant's brief on direct appeal raised a single point of error which complained of the trial court's overruling of his request for a jury-charge instruction on the necessity defense and failing to include such an instruction in the jury charge. Appellant's first ground for review complains about the court of appeals's failure to consider the law of parties upon determining that he was not entitled to a jury charge on necessity. Both appellant and the state agree that the court of appeals did not consider or address the law of parties in its determination of appellant's sole point of error. Our review of appellant's direct appeal brief before the court of appeals reveals that appellant acknowledged that "appellate courts require that a defendant first admit commission of the offense before he is entitled to the charge[,]" and that "case law generally states that a defendant, to be entitled to a defense such as necessity, must first admit the 'offense[.]'" (Appellant's brief on direct appeal, p. 8.) Appellant's brief further argued that, although he "denied having an intent to steal, he entered the restaurant wearing a mask and gloves and holding a weapon–and admitted standing by the walk-in freezer with hostages inside as the robbery was being committed by [co-actor Hall]" and that "[t]he admission of this conduct, standing alone, is sufficient to meet the requirement of a confession of culpability in the crime." (Appellant's direct appeal brief before the court of appeals, p. 9.) Immediately thereafter, appellant added, "Should this court not deem it to be so, certainly appellant's conduct as a party would render it sufficient. Tex. Penal Code sec. 7.02." *Id.* We also observe that each of the jury charges included instructions on the law of parties and the application of said law with respect to the alleged counts; if the jury found from the evidence beyond a

reasonable doubt that co-actor Hall committed the elements of aggravated robbery of the named complainants, and that appellant, acting with intent to promote or assist the commission of the offense, if any, encouraged, directed, aided or attempted to aid co-actor Hall to commit the offense, if any, by his own actions and conduct during the commission of the offense, the jury should find appellant guilty of aggravated robbery as alleged in the indictment.

We conclude that the above-quoted portions of appellant's brief on direct appeal were sufficient to alert the court of appeals to a party culpability component of his point of error. We also note that briefing rules are to be construed liberally because "briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case[.]" TEX. R. APP. P. 38.9. The above-quoted portion of appellant's brief sufficiently presented argument that he was asserting that his "conduct as a party" pursuant to TEX. PENAL CODE § 7.02, which provides for the criminal responsibility for conduct of another, i.e. party culpability, was sufficient to admit commission of the alleged robbery offenses. We next consider whether, as a principal or a party, the evidence raised the justification of necessity.

Appellant's second ground for review claims that the court of appeals failed to view the evidence in the light most favorable to appellant's requested instruction on the defense of necessity. When reviewing a trial court's decision to deny a requested defensive instruction, "we view the evidence in the light most favorable to the defendant's requested submission." *Bufkin v. State*, 207 S.W.3d 779, 781 (Tex. Crim. App. 2007).

In *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007), we held that a defense may be supported or raised by evidence "from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." "We have

recognized the independence of separate defenses by holding that a defendant is entitled to the submission of every defensive issue raised by the evidence, even if the defense may be inconsistent with other defenses." *Bowen v. State*, 162 S.W.3d 226, 229 (Tex. Crim. App. 2005). "[A]n accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense." *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). It is also well settled that an accused is entitled to a defensive instruction, whether the issue is raised by a defendant's testimony alone or otherwise. *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991); *Hayes v. State*, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987).

Appellant received the jury instruction on duress that he had requested, so we may reasonably conclude that the trial court found that the defense of duress was raised by the evidence. The question before us is whether the justification of necessity was also raised.

Tex. Penal Code § 8.05 defines the general defense of duress.

> (a) It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.
> (b) . . .
> (c) Compulsion within the meaning of this section exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure.
> . . . .

TEX. PENAL CODE § 9.22 sets out the elements of a justification of necessity.

> Conduct is justified if:
>     (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>     (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Since we have held that a defense may be supported or raised by evidence "from any source," *Shaw v. State*, *supra*, all of the relevant evidence admitted at trial must be considered in assessing whether the defense is supported or raised.

Appellant's brief on direct appeal cited appellant's testimony that co-actor Hall had pointed a gun at him and threatened to shoot him in the back if he tried to run, that Hall threatened to kill all of the occupants of the restaurant if appellant did not help him, and that Hall had indicated that, if it was necessary to shoot appellant in the back, Hall would then kill appellant's wife and child. Appellant specifically cited his own testimony reflecting his participation in the robbery.[1] Appellant argues that he reasonably believed that the desirability of avoiding the imminent harm to the lives of his wife, his child, and the restaurant's employees outweighed the harm sought to be prevented, a robbery.

This evidence of Hall's alleged threats to kill the restaurant workers and appellant's wife and child in order to coerce appellant into participating in the commission of the offenses raises the defense of duress–appellant acted because he was compelled by the threats from Hall and the threats of harm were imminent, at least as to the restaurant workers. The justification of necessity, however, is not based on external pressure; the statute does not require coercive behavior by a third party. Rather, the language of the statute indicates that "necessity" turns on a personal choice made by the actor based on the relative desirability of acting or not acting: "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm

---

[1] Appellant's petition for and brief on discretionary review also cite the testimony of two detectives with whom he had spoken after the offenses as evidence describing his participation in the robbery offenses.

sought to be prevented . . ..” Necessity is raised if the choice to act is an internal decision, not coerced by another. For example, a person is in a Texas parking lot in August and sees an unattended child in a safety seat in a locked car with all the windows closed. The person calls 911, then uses a rock to break a window and removes the child. Under the law, that person could be found guilty of criminal mischief, burglary of a vehicle, and kidnapping, but the much greater harm, the death of the child from hyperthermia, has been prevented, and the justification of necessity applies. No comparable circumstances were raised by the evidence in this case. Taking appellant's version as true, he was clearly coerced and he sufficiently admitted the conduct charged, but all of his admitted acts were compelled by another. We hold that the evidence did not raise the justification of necessity, and the trial court did not err in refusing to give such an instruction to the jury.

## Conclusion

While the court of appeals may have failed to consider the law of parties when it determined that appellant was not entitled to a jury charge on necessity, the trial court did not err because the evidence presented at trial did not raise a justification of necessity. We therefore affirm the judgment of the court of appeals.

Delivered: February 10, 2010
Do not publish