

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00271-CR

_____

RICHARD BLAKE RAY,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

_____

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-2087-C2

_____

# O P I N I O N

_____

Richard Blake Ray was charged and tried for attempted capital murder. TEX. PENAL CODE ANN. § 19.03(a)(7)(A) (West Supp. 2012). He asserts on appeal that he was deprived of his main theory of defense by the trial court's refusal to include an instruction in the charge on the defense of necessity. We affirm.

Ray confronted Andrew Hobbs and Bobby Stephens, his former employer and a coworker, respectively, on their job site about difficulties he was having at home as a result of having lost his job. The nature of the business owned by Hobbs required them

to go to the customer's premises and the encounter with Ray occurred on a customer's property. It is undisputed that Ray armed himself with a pistol and entered the job site with the pistol already in his hand and holding it down by his side. The evidence presented by the State and Ray then diverges on who said what to whom and the level of aggression displayed by either Hobbs or Stephens on the one hand and Ray on the other. What is not in dispute is that during the argument caused when Ray confronted them at their job-site, where Ray had no authority to be, Ray shot both Hobbs and Stephens.

Ray's version of the event is that Hobbs and Stephens approached him in a fashion that caused him to become concerned that they were going to take the pistol from him and possibly use it to cause harm to him. Thus, he argues that based on his testimony he was entitled to an instruction on necessity. TEX. PENAL CODE ANN. § 9.22 (West 2011).

*Necessity* is a defense where conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.*

The State argues that Ray is not entitled to a necessity instruction because Ray "provoked the difficulty." The State relies on *Leach v. State* where the Fourteenth Court of Appeals held as follows: "…we hold that one who provokes the difficulty, or is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense, is not entitled to a charge authorizing his acquittal of that offense based upon necessity." *Leach v. State,* 726 S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no pet.). We note that at least five other courts of appeals have followed the holding in *Leach.* *Ford v. State*, 112 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Rangel v. State*, Nos. 04-01-00451-CR, 04-01-00452-CR, 04-01-00453-CR, 2002 Tex. App. LEXIS 5177, *10 (Tex. App.—San Antonio July 24, 2002, no pet.) (not designated for publication); *Singleton v. State*, No. 03-01-00057-CR, 2002 Tex. App. LEXIS 1875, *16 (Tex. App.—Austin Mar. 14, 2002, pet. ref'd) (not designated for publication); *Miller v. State*, 940 S.W.2d 810, 815 (Tex. App.—Fort Worth 1997, pet. ref'd); *Shafer v. State*, 919 S.W.2d 885, 887 (Tex. App.—Fort Worth 1996, pet. ref'd); *McFarland v. State*, 784 S.W.2d 52, 54 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *Goodin v. State*, 750 S.W.2d 857, 862 (Tex. App.—Corpus Christi 1988, pet. ref'd). We disagree with the State's position.

The year before *Leach* was issued, the Court of Criminal Appeals had already determined that necessity was available as a defense to the offense of escape although the State presented several cogent arguments as to why an attempt to surrender should

be a prerequisite to applying the defense. *Spakes v. State*, 913 S.W.2d 597, 598 (Tex. Crim. App. 1996). The Court held that the plain language codifying the necessity defense evinced a legislative intent that the defense apply to all offenses unless the legislature specifically excluded it from the offense *Id*. Neither *Leach* nor its progeny evaluated the availability of the necessity defense in light of *Spakes*. *See Leach v. State*, 726 S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no pet.).

Later, in 2005, and well after *Leach* and its progeny had been decided, the Court of Criminal Appeals reaffirmed *Spakes* and noted that section 9.22's plain language indicated that the defense of necessity may be applicable in every case unless specifically excluded by the legislature. *Bowen v. State*, 162 S.W.3d 226, 228-229 (Tex. Crim. App. 2005); *Spakes*, 913 S.W.2d at 598. To determine whether a legislative purpose existed to exclude the defense, the Court focused on the statute defining the charged offense; in the *Bowen* case, resisting arrest. *Bowen*, 162 S.W.3d at 229. Because a legislative purpose to exclude the necessity defense did not plainly appear in the text of the charged offense, the Court could not "glean" any clear legislative purpose indicating that the defense was not available. *Id.*

We agree that the proposition by *Leach* appears reasonable. However, as the Amarillo Court stated in *Spakes*, it would be an "impermissible addendum" to section 9.22 if we held that the availability of the necessity defense to the offense of attempted capital murder was conditioned on not provoking the difficulty. *See Spakes v. State*, 891

S.W.2d 7, 10 (Tex. App.—Amarillo 1994), *aff'd*, 913 S.W.2d 597 (Tex. Crim. App. 1996). Thus, to determine whether a legislative purpose exists to exclude the defense, we focus on the statutes defining the charged offense; in this case, attempted capital murder. *Bowen*, 162 S.W.3d at 229.

A person commits an attempted offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01(a) (West 2011). A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. *Id*. § 19.02 (b)(1). Finally, a person commits the offense of capital murder if the person commits murder as defined under section 19.02(b)(1) and the person murders more than one person during the same criminal transaction. *Id*. § 19.03(a)(7)(A) (West Supp. 2012).

A legislative purpose to exclude the defense does not plainly appear in the texts of these statutes. *See Bowen*, 162 S.W.3d at 229. Thus, on the face of these sections, we cannot identify any clear legislative purpose indicating that necessity is not an available defense of attempted capital murder. *See id*.

But in determining whether the trial court erred in refusing to instruct the jury on necessity, our inquiry does not end here. The Court of Criminal Appeals has interpreted the necessity defense to embrace the confession and avoidance doctrine. *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010). The doctrine requires an

admission to the conduct, which includes both the act or omission and the requisite mental state. *Id*. Even though the doctrine's requirement that a defendant admit to the conduct conflicts with section 2.03(c)'s general rule that a defense is supported by the evidence if there is evidence from any source on each element of the defense, the Court held that this conflict does not disturb the determination that section 9.22 embraces the confession and avoidance doctrine. *Id*. at 405. The Court concluded that section 9.22's admission requirement governs the specific defensive issue of necessity and therefore trumps section 2.03(c)'s general rule. *Id*. Thus, we must review the record to determine whether Ray admitted to the act and requisite mental state.

Ray testified that he went looking for Hobbs. When he arrived at Hobbs's warehouse location in Waco, he saw Hobbs's vehicle and Stephens's work truck. He entered the warehouse with his fully loaded 9mm handgun. However, Ray repeatedly denied shooting Hobbs or Stephens. He also repeatedly stated he did not remember pulling the trigger.

The State charged Ray with attempting to intentionally kill both Hobbs and Stephens in the same transaction by shooting Hobbs and Stephens with a firearm "which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." Ray never admitted to intending to kill Hobbs or Stephens or to shooting them with a firearm. Thus, Ray never admitted to committing the conduct which would then permit a necessity instruction.

Accordingly, the trial court did not err in denying the requested instruction, and

we overrule Ray's sole issue.  The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 18, 2013
Publish
[CRPM]