**Opinion filed August 21, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00326-CR

_____

### KIRK THOMAS MORROW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR40551**

## M E M O R A N D U M   O P I N I O N

The jury found Kirk Thomas Morrow guilty of the offense of burglary of a habitation.[1]  The jury assessed his punishment at confinement for twenty-five years; the trial court sentenced him accordingly.  Appellant presents two issues on appeal. We affirm.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02 (West 2011).

## I. *Evidence at Trial*

Appellant does not challenge the sufficiency of the evidence, so we will only give a brief recitation of the facts. Appellant spent the morning "getting messed up with some friends" by drinking liquor, ingesting "GHB" and "Xanax," and "doing a little bit of everything." Appellant testified that he and his friends argued about "[j]ust being messed up" when four or five of Appellant's friends attacked him. Appellant testified that he "ran off" to his friend's house in an adjacent neighborhood. Appellant found what he thought was his friend's house and entered the house. He could not remember how he entered, but he thought he went in through the front door. Other evidence indicated that Appellant entered through a window. The home belonged to Laketa Defer.

Appellant testified that he entered the home and hid in the attic from the people who attacked him. Appellant fell asleep in the attic, and when he awoke, he could not breathe because insulation was in his face. Appellant testified that he panicked and kicked in the ceiling because he did not know where to exit the attic. Appellant eventually made his way into the house and lay down in a bedroom where Defer found him. Defer subsequently called the police, who came to the house.

The State filed a notice to use Appellant's prior crimes and bad acts to impeach Appellant's testimony if he testified. Appellant's counsel objected to two convictions from 1989 and 1991. The trial court ruled, outside the presence of the jury, that the probative value of the two convictions, each for burglary of a habitation with intent to commit theft, outweighed the prejudicial value. Appellant testified on his own behalf and, through direct examination, introduced evidence to the jury of his 1989 and 1991 convictions. The State subsequently cross-examined Appellant about those convictions.

## II. *Issues Presented*

Appellant contends in his first issue that the trial court erred when it admitted evidence of his 1989 and 1991 convictions. Appellant asserts in his second issue that he received ineffective assistance of counsel.

## III. *Analysis*

### A. *Issue One: Prior Convictions*

Appellant contends that the trial court erred when it admitted two prior convictions for burglary because they were too remote and the prejudice outweighed the probative value. "[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Ohler v. United States*, 529 U.S. 753, 760 (2000); *see also Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993); *Wootton v. State*, 132 S.W.3d 80, 84 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

The State had filed a notice of crimes and bad acts, and the trial court decided, outside the presence of the jury, that the prior convictions were admissible under *Theus v. State*, 845 S.W.2d 874, 879–81 (Tex. Crim. App. 1992) (discussing five factors to determine probative value versus prejudicial effect). Whether the trial court was correct in its ruling is irrelevant because Appellant elected to introduce his prior convictions to the jury himself when he testified on direct examination. *See Ohler*, 529 U.S. at 760. Appellant introduced the evidence he now complains of, which he cannot do. *See id.* Because Appellant waived any error with respect to the admission of the prior convictions, we overrule Appellant's first issue.

### B. *Issue Two: Ineffective Assistance of Counsel*

Appellant asserts he received ineffective assistance from his trial counsel. Appellant complains his trial counsel's performance was deficient because counsel did not request an instruction on the defense of necessity and because the jury could have acquitted him if given that instruction.

With respect to Appellant's complaint of ineffective assistance of counsel, we apply the well-recognized standard of review from *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for evaluating an ineffective-assistance-of-counsel claim is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Id.* at 687. For the performance standard, we must determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness. *Id.* If so, we then determine whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Andrews*, 159 S.W.3d at 101. A reviewing court need not consider both prongs of the *Strickland* test and can dispose of an ineffectiveness claim on either prong. *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd) (citing *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012)); *see Strickland*, 466 U.S. at 697.

Conduct is justified under the defense of necessity if the actor reasonably believed the conduct was immediately necessary to avoid imminent harm, if the desirability and urgency of avoiding the harm clearly outweighed the harm sought to be prevented by the law proscribing the conduct, and if a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. PENAL § 9.22. One who places himself in the position from which he must extricate himself by committing a criminal offense is not entitled to an instruction on the

4

defense of necessity. *See Ray v. State*, 419 S.W.3d 467, 468 (Tex. App.—Waco 2013, pet. ref'd) (citing cases with similar holdings out of the First, Second, Third, Fourth, Thirteenth, and Fourteenth Courts of Appeals). Trial counsel's performance is not deficient under the first prong of *Strickland* for a failure to request an instruction to which the defendant was not entitled. *Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999).

Appellant testified he spent the morning "getting messed up" and "high" with his friends by voluntarily ingesting several substances, which he knew the effect of, although he did not know their combined effect because he had never ingested that combination of substances before. Appellant and his friends subsequently argued about "[j]ust being messed up," which resulted in Appellant's friends attacking him. Because Appellant voluntarily became "high" with other people, knowing the effect of the substances he ingested, he put himself in a situation from which he needed to extricate himself and was not entitled to an instruction on the defense of necessity. *See Ray*, 419 S.W.3d at 468; *Shafer v. State*, 919 S.W.2d 885, 887 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding that defendant was not entitled to instruction on necessity because she voluntarily became intoxicated). Appellant's trial counsel's performance was not deficient for a failure to request an instruction to which Appellant was not entitled. *See Young*, 991 S.W.2d at 839. We need not discuss the second prong of *Strickland* because Appellant has not satisfied the first prong. *See Perez*, 310 S.W.3d at 893. We overrule Appellant's second issue.

## IV. *Conclusion*

After reviewing the record, we hold that Appellant waived his complaint on the admission of evidence of Appellant's 1989 and 1991 convictions. *See Ohler*, 529 U.S. at 760; *Wootton*, 132 S.W.3d at 84. We also hold that Appellant has not shown his trial counsel's performance was deficient. *See Young*, 991 S.W.2d at 839.

5

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 21, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.